UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAVIER BELTRAN,

                            Petitioner,

             -v-

UNITED STATES OF AMERICA,

                            Respondent.

16 Civ. 4452 (PAE)

11 Cr. 1032-60 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On October 10, 2019, the Court issued an order denying the petition of Javier Beltran for relief pursuant to 28 U.S.C. § 2255. Dkt. 2435 ("October 10 Order").[1] To the extent Beltran claimed that the predicate offense of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), is not a "crime of violence" that can support a firearms conviction under 18 U.S.C. § 924(c), the Court rejected that claim. The Court distinguished *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), on the grounds that these invalidated residual-clause definitions of the term "crime of violence," whereas murder in aid of racketeering is "an offense that has an as element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). October 10 Order at 1–2. To the extent that Beltran claimed ineffective assistance of counsel, the Court rejected that claim as meritless. *Id*. at 2–3.

On December 17, 2019, Beltran moved for reconsideration of the Court's order. Dkt. 2464 ("Beltran Mem."). Beltran acknowledged that the motion for reconsideration was untimely, stating that, through inadvertence or mistake, his counsel had not noticed the

---

[1] All citations to the docket in this order refer to the docket for Mr. Beltran's criminal case.

October 10 Order until the previous week. *Id.* at 1. Beltran moved for relief solely on the ground that murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) is not, measured by its elements, a crime of violence. He did not reprise his claim of ineffective assistance. *See generally id.*

On December 18, 2019, the Court, while noting that Beltran's motion for reconsideration was untimely, invited a response from the Government on this point, in the interest of assuring a correct result. Dkt. 2465. On February 3, 2020, the Government filed its memorandum of law in opposition. Dkt. 2475 ("Gov't Mem.").

Having reviewed the parties' submissions, the Court now summarily denies Beltran's motion for reconsideration, on three independent grounds.

First, Beltran's motion is untimely. While the Court—out of respect for defense counsel and in an abundance of caution to assure the correctness of its result—invited a response on the merits by the Government, in the end, Beltran's motion for reconsideration was, unavoidably, untimely.

Second, Beltran's motion does not meet the high and strict standard for granting a motion for reconsideration. Beltran does not point to any "controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). On the contrary, the Court, in the October 10 decision, acknowledged the *Johnson/Davis* line of case authority, and distinguished this authority as inapplicable to predicate offenses that qualify on the elements as crimes of violence. Beltran does not cite any precedent holding murder in aid of racketeering not to be a crime of violence. Quite to the contrary, he acknowledges that the Second Circuit, in a series of summary orders, has held that intentional murder, measured by its elements, is a crime

of violence, *see* Beltran Mem. at 8 n.2 (citing cases).  Beltran instead asks this District Court to distinguish this authority because it is not contained in a published opinion.

Nor does Beltran recite "extraordinary circumstances" justifying reconsideration.  *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004).  Beltran does not claim actual innocence.  And any such claim would be untenable.  In addition to the firearms charge, Beltran was charged in superseding Indictment S5 11 Cr. 1032 (PAE) with, *inter alia*, murder in aid of racketeering, and conspiracy to commit murder in aid of racketeering, in connection with the March 31, 2009, gunshot murder by members of the Bronx Trinitarios Gang of Raymond Casul, the same murder to which the § 924(c) count related.  *See* Dkt. 401 at 50–52.  Pursuant to a plea agreement, the Government agreed to the dismissal of those charges in exchange for Beltran's plea to the lesser § 924(c) offense, which effectively assured Beltran a 10-year sentence, rather than a potential life sentence.  But both Beltran's plea allocution on September 12, 2014, Dkt. 1356 at 20–25, and the evidence adduced at the immediately ensuing trial of his brother and two other members of the gang, compellingly established Beltran's complicity in the Casul murder.  Nor does Beltran claim misconduct by the Government, or any error by the Court other than its determination that a § 1959(a)(1) offense qualifies on its elements as a crime of violence.

Third, the Court rejects, on the merits, Beltran's argument that a murder in aid of racketeering in violation of § 1959(a)(1) is not, measured by its elements, a crime of violence. The Court does so for the reasons set out in the Government's convincing memorandum of law. *See* Gov't Mem. at 9–15.

The Court finally notes that, independent of its substantive disagreement with Beltran on this point, the Second Circuit, in an August 1, 2019, summary order, has effectively rejected the same merits argument as Beltran makes, and indeed did so in connection with the post-*Davis*

appeal of a co-defendant of Beltran's *in this very case*. *See United States v. Sierra*, 782 F. App'x 16, 20 (2d Cir. 2019) ("We have repeatedly treated it as self-evident that under New York law 'attempted murder' is a crime unmistakably involving an attempted use of physical force") (citations and internal quotations omitted); *see also* Gov't Mem. at 13 n.4 (chronicling similar summary orders). Beltran, although citing the summary order decisions on which *Sierra* relies, *see* Beltran Mem. at 8 n.2, does not cite *Sierra*. This Court, however, is not at liberty "not only to disregard but contradict a Second Circuit ruling squarely on point merely because it was rendered in a summary order." *United States v. Tejeda*, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010).

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 2464 and 2469. This case remains closed.

The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: February 6, 2020
New York, New York

4